(March 2, 1885.)

# RIBORADO v. QUANG PANG MINING COMPANY.

### [6 Pac. 125.]

MINES—CUSTOMS AND REGULATIONS OF MINES—PRESUMPTIONS.—
Miner's customs and regulations once adopted are presumed to be
existing and in force until the contrary is proven; and in actions
concerning mining claims under section 486 of our Code of Civil
Procedure proof thereof must be admitted, and, when not in con-
flict with the laws of the territory, must govern the decision of
the action.

APPEAL—FINDINGS—REVIEW ON APPEAL.—On appeal a finding of fact
will not be reviewed unless the evidence upon the trial in reference
thereto is fully and clearly reported in the record.

SAME—DISTURBING FINDINGS—IRRELEVANT FINDING.—If the findings
of fact sustained the conclusions of law, the judgment below will
not be disturbed on appeal simply for the reason that some of
the findings of fact and the conclusions of law are irrelevant.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.    Affirmed.

Charles A. Wood, for Appellants.

The owner of mining ground has a right to prohibit the
erection, construction, or maintenance of any cut, ditch, or
embankment upon his ground, and to remove the same, or any
other obstruction placed or constructed thereon, without this
express permission, unless the right is given by some mining
custom or regulation.    (*Coma v. Freitas,* 42 Cal. 339; *Titcomb
v. Kerk,* 51 Cal. 289.)    When a right of a party to mining
ground or the use of water once attaches, it remains in that party
or his assigns, until abandoned, unless destroyed by some law or
local custom.    As the mining law of a district must not only be
established, but in force at the time when its operation is
claimed, it is void whenever it falls into disuse or is generally
disregarded, and the question whether it is in force at a given
time is a matter of evidence to be decided by the jury.    (*Harvey
v. Ryan,* 42 Cal. 627.)

Huston & Gray, for Respondents.

Upon the proposition of the right to run the ditch across
defendants' mining ground, we submit the following authorities:

Rev. Stats., sec. 2339; *Noteware v. Storris,* 1 Mont. 311; Laws Idaho Ter., 9th Sess., p. 70; Laws Idaho Ter., 11th Sess., p. 266; *Cave v. Crafts,* 53 Cal. 135. Plaintiffs have a title to said ditch and water by prescription. (*American Co. v. Bradford,* 27 Cal. 360; *Crandall v. Woods,* 8 Cal. 136; *Union Water Co. v. Crary,* 25 Cal. 504, 85 Am. Dec. 145; *Cave v. Crafts,* 53 Cal. 135.) Plaintiffs had a right to appropriate the surplus water. The right of defendants' grantors was fixed by their appropriation. (*Kid v. Laird,* 15 Cal. 161, 76 Am. Dec. 472; *Smith v. O'Hara,* 43 Cal. 371; *Higgins v. Barker,* 42 Cal. 233; *McKinney v. Smith,* 21 Cal. 233; *Nevada Water Co. v. Powell,* 34 Cal. 109; 91 Am. Dec. 685; *Lobdell v. Simpson,* 2 Nev. 277, 90 Am. Dec. 537; *Proctor v. Jennings,* 6 Nev. 83, 3 Am. Rep. 240; *Barno v. Sabron,* 10 Nev. 217.) A new trial will not be granted except upon substantial grounds. (2 Graham and Waterman on New Trials, 48-50.) An erroneous finding upon an immaterial point will not justify granting a new trial. (*Lovell v. Frost,* 44 Cal. 471.) Nor for an error favorable to the defendants. (*Wilkinson v. Parrot,* 32 Cal. 102.) That the judgment is broader than the facts alleged and found will justify is no ground for a new trial. (*Shepard v. McNeil,* 38 Cal. 72; *Moore v. Murdock,* 26 Cal. 534; *Ainslie v. Idaho World Printing Co.,* 1 Idaho, 641.)

BUCK, J.—Appeal from an order overruling motion for a new trial. This is an action for damages by Diego Riborado et al., plaintiffs, against the Quang Pang Mining Company, defendants, for an alleged injury by defendants to the ditch and dam of plaintiffs. The plaintiffs' ditch for about one thousand feet is upon the mining claim of defendants. The plaintiffs' dam or dams, built for the purpose of turning water from Sharkey creek into it, are situated off and outside of the Discovery claim, owned and worked by defendants, upon old diggings, washed out and abandoned. The defendants' claim, known as the " Discovery claim," is the prior location, and the plaintiffs' ditch was dug across it without any express license. It was rather tolerated than permitted by defendants' grantors, with the understanding that defendants should work their claim "just as if no ditch was there." The ditch of plaintiffs was commenced in 1868, and they claimed

the right to put it across defendants' claim, and maintain it there, by virtue of the following miners' regulation adopted in 1866, to wit: "Each claim shall have the right to drain through any other claim or claims, but shall confine his dumpings to his own ground." The appellants claim that this regulation was void for nonuser. There was no evidence that said regulation had either fallen into disuse or had been superseded by any other. On the contrary, the evidence shows that the mining district is still in existence, and that the two claims in dispute had been worked almost, if not quite, continuously all the time since said ditch was made. If there is any custom or regulation modifying this regulation of 1866, the defendants should have proven it on the trial. (*King v. Edwards,* 4 Morr. Min. Rep. 484.) In the absence of such proof, the written regulation, once established, is presumed still to exist and be in force.

In the assignment of errors it is claimed that the fifth finding is unsupported by the evidence. That finding is as follows: "That in 1879 the defendants washed out what was called the lower dam of plaintiffs, and set fire to and burned the upper dam." The error to this finding is alleged to be that the evidence shows that the plaintiffs' lower dam was washed out in 1878, and never afterward repaired; that the dam burned was the remnant of the old dam; and that there is no evidence of any damage to plaintiffs from said burning. After a careful study of the evidence we are unable to say that there is error in this finding. The evidence brought up is in such a confused condition, abbreviated and often in broken sentences, wanting substantives and predicates, that it is quite impossible to determine as to many matters given in evidence. It is admitted upon the argument that there was a good map of the grounds in dispute in the court below. This map is not here. The locations of these dams were explained to the court below by reference to the map, which is not in the transcript. It is therefore impossible for us to say that the finding was not supported by evidence. To the further objection to this finding, to wit, that there is no evidence of damage from said burning, it is sufficient to say that the evidence of plaintiff sets the damage of 1879 at $350. This damage resulted from cutting out the dam, and loss of time.

The second error assigned is that the seventh finding, to wit, that in 1881 defendants washed out plaintiffs' dam and filled plaintiffs' ditch with tailings to such an extent as to ruin their season's work, is contrary to the pleadings and unsupported by evidence. The evidence of plaintiffs upon that subject was: "In 1881 the pole flume so placed filled up the ditch level with sand. They washed away everything. Lost all the summer's water." "The pleadings allege that in 1881 the defendants wrongfully and unlawfully cut and injured the ditch and dam of plaintiffs." We think the finding that defendants washed out the dam and filled up plaintiffs' ditch to such an extent as to prevent their using it for a year is fairly responsive to the allegation that they cut and injured it. The appellants assign as error the conclusion of law that the defendants are liable to plaintiffs for the amount of damages unnecessarily done by them in the years 1879, 1880, and 1881. This finding is general, and sustained by the fifth finding of fact, to wit: That in the year 1879 defendants washed out what was called the lower dam of plaintiffs and set fire to and burned the upper one. Allowing, as was claimed upon the argument, that the evidence shows that the lower dam was washed out in 1878 and never afterward replaced, which does not seem clear to us, yet the burning of the upper dam would be sufficient to sustain the finding. This dam was not on the Discovery claim. It was on ground abandoned and worked out and open to all. There is some pretense that defendants were washing the old tailings, but there is no evidence that they had any claim there that would justify their washing away or destroying plaintiffs' dam.

It is also claimed that the following conclusion of law is erroneous, to wit: The plaintiffs have the right to convey said water over the mining ground of defendants, by ditch and flume, to their mining ground below; subject, however, to the right of defendants to work their mining ground over which said ditch runs, doing no unnecessary damage; subject, also, to the defendants' right to recover damages from plaintiffs for such easement, if any occurred. We think this general proposition of law is clearly sound. The mining regulation quoted above has the force of law, and section 486 of our Code of Civil

Procedure makes it evidence in actions concerning mining claims. It is claimed that the law as laid down by the court was irrelevant, and not responsive to the findings of fact. Possibly this may be true, yet we can see no injury which its enunciation has done the defendants. Admitting that the sixth and seventh findings do not bring the case within this law, still we are of the opinion that the fifth finding of fact sustains the conclusion of law, and the judgment is therefore affirmed.

Morgan, C. J., and Broderick, J., concurring.