(December 15, 1906.)

MARTIN HECKMAN et al., Appellants, v. E. E. ESPEY,
Respondent.

[88 Pac. 80.]

PROSPECTING PARTNERSHIP—INSUFFICIENCY OF EVIDENCE—SUBSTANTIAL
CONFLICT—NEWLY DISCOVERED EVIDENCE—CUMULATIVE AND COR-
ROBORATIVE—DISCRETION OF TRIAL COURT.

1.   Where there is a substantial conflict in the evidence, the
findings of the trial court will not be disturbed.

2.   The granting of a new trial is largely in the discretion of the
trial court, and when based on affidavits of newly discovered evi-
dence that are only corroborative and cumulative of the evi-
dence introduced on the trial, the decision of the court on the
motion for a new trial will not be disturbed.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial Dis-
trict for Idaho County.   Hon. Edgar C. Steele, Judge.

Action to establish prospecting partnership.   Judgment for
defendant.   *Affirmed.*

Forney & Moore, for Appellants, cite no authorities.

Scales & Taylor, for Respondent.

Where evidence is conflicting, and the lower court has
decided such conflicting issues of fact, the appellate court
will not disturb the findings of the lower court; the courts
of all the states are in accord on this doctrine; and this court
has repeatedly so held.   (*Deeds v. Stephens,* 10 Idaho, 332,
79 Pac. 77; *Robertson v. Moore,* 10 Idaho, 115, 77 Pac. 218;
*Abbott v. Reedy,* 9 Idaho, 577, 75 Pac. 764; *Cowden v. Finney,*
9 Idaho, 619, 75 Pac. 765; *Cowden v. Mills,* 9 Idaho, 626, 75
Pac. 766.)

On verdict on conflicting evidence, see *Simpson v. Reming-
ton,* 6 Idaho, 681, 59 Pac. 360; *Bonner v. Powell,* 7 Idaho, 104,

61 Pac. 138; *Kendrick State Bank v. Northern Pac. Ry. Co.,* 10 Idaho, 483, 79 Pac. 457; *Spencer v. Morgan,* 10 Idaho, 542, 79 Pac. 459; *Gumaer v. White Pine Lumber Co.,* 11 Idaho, 591, 83 Pac. 771; *Turmes v. Kiesner* (Idaho), 85 Pac. 212.

The appellate court will give the finding of the trial court the most liberal construction the language will permit, to sustain a judgment found therein. (*Eastwood v. Standard Mines etc. Co.,* 11 Idaho, 195, 81 Pac. 382.)

The measure of evidence required to enforce a trust in mining claims under a parol agreement is laid down by this court in *Morrow v. Matthew,* 10 Idaho, 423, 79 Pac. 196; and the evidence in such case must be clear and satisfactory; and the court in that case say on page 201: "Evidence entirely clear and convincing to the trial court, who saw and heard the witnesses, might, when in cold type upon the record, leave doubts in the minds of the members of the appellate court; but I do not think they should reverse the judgment on such grounds." An application for a new trial for newly discovered evidence is regarded with suspicion. (14 Ency. of Pl. & Pr. 790 et seq.)

Where the issue upon a petition for a new trial on the grounds of newly discovered evidence is tried by the court, and there is evidence to support the finding of the court, the appellate court will not disturb the finding upon the weight of the evidence. (*Richardson v. Penny,* 14 Okla. 591, 78 Pac. 320.) Action of trial court on a motion for a new trial, on ground of newly discovered evidence, or insufficiency of evidence, will not be disturbed on appeal, unless there was abuse of discretionary power. (*Case v. Cramer* (Mont.), 85 Pac. 878; *In re Colbert's Estate,* 31 Mont. 461, 107 Am. St. Rep. 439, 78 Pac. 981, 80 Pac. 248; *People v. De Masters,* 109 Cal. 607, 42 Pac. 236.)

Before a new trial for newly discovered evidence, there must be a clear showing that by reasonable diligence it could not have been procured before the trial. (*Cudahy Packing Co. v. Hayes* (Kan.), 85 Pac. 811; *In re Colbert's Estate,* 31 Mont. 461, 107 Am. St. Rep. 439, 78 Pac. 781, 80 Pac. 248;

*Fleisheim Mer. Co. v. Gillespie,* 14 Okla. 143, 77 Pac. 183; *Armstrong v. Aragon* (N. Mex.), 79 Pac. 291.)

Newly discovered evidence, which is merely cumulative on part of the case, is not ground for new trial. (*Shannon v. City of Tacoma,* 41 Wash. 220, 83 Pac. 186; *State v. Lackey,* 72 Kan. 95, 82 Pac. 527.)

Cumulative evidence is not sufficient. (*Patterson v. San Francisco etc. Ry. Co.,* 147 Cal. 178, 81 Pac. 531; *Wood v. Moulton,* 146 Cal. 317, 80 Pac. 92, and cases there cited.)

The last case cited lays down the additional proposition that evidence merely designed to contradict witnesses is also not sufficient.

"Motion for new trial on newly discovered evidence is not to be granted unless the evidence makes it clearly probable that it will produce a different result on the retrial." (*In re Colbert's Estate,* 31 Mont. 461, 107 Am. St. Rep. 439, 78 Pac. 981, 80 Pac. 248; *State v. Hayworth,* 26 Utah, 310, 73 Pac. 413.) We also cite the following Idaho cases on the above propositions: *People v. Biles,* 2 Idaho, 114, 6 Pac. 120; *State v. Hardy,* 4 Idaho, 478, 42 Pac. 507; *State v. Davis,* 6 Idaho, 159, 53 Pac. 678; *Knollin v. Jones,* 7 Idaho, 466, 63 Pac. 638.

SULLIVAN, J.—This suit was brought to recover a two-thirds interest in the South Fork, Nos. 2 and 3 mining claims, situate in Elk City mining district, Idaho county, and for an accounting by the respondent for the ore extracted from said claims. It was alleged and claimed by appellants that a prospecting partnership for the location of mining claims was entered into between appellants and the respondent, and that during the existence of that partnership said mining claims were located. The cause was tried by the court without a jury and judgment was entered against the appellants and in favor of the respondent. Motion for a new trial was made, and the grounds for such motion were insufficiency of the evidence to support the findings of the court and newly discovered evidence. Said motion was overruled, and the appeal

is from the judgment and the order overruling the motion for a new trial.

Only two questions are presented on this appeal, and the first is the insufficiency of the evidence to support the findings of the court, and the second whether the court erred in overruling the motion for a new trial on the ground of newly discovered evidence. We have gone through the evidence very carefully and we find that there is a substantial conflict in it. That being true, the well-established rule applies that where there is a substantial conflict in the evidence, the appellate court will not reverse the judgment of the trial court. The affidavits of newly discovered evidence are mostly cumulative and corroborative, and we are unable to see that the court abused its discretion in denying a new trial on the ground of newly discovered evidence.

The judgment must, therefore, be affirmed, and it is so ordered. Costs are awarded to the respondent.

Stockslager, C. J., and Ailshie, J., concur.