(June 17, 1916.)

## CHARLES G. HAYTON and MARY L. HAYTON, His Wife, Respondents, v. W. R. CLEMANS and MAUD CLEMANS, His Wife, Appellants.

[165 Pac. 994.]

RESCISSION OF CONTRACT—CANCELLATION DEED—PROMISSORY NOTE—
FRAUDULENT REPRESENTATIONS—COMPLAINT SUFFICIENT—CONFLICT
IN EVIDENCE—JUDGMENT SUSTAINED.

1. Where an action is brought to rescind a contract, to cancel and hold for naught a deed made and delivered, and to secure the recovery of a promissory note given at the time of, and in connection with, the making of the contract and deed, and for a reasonable rental of the premises possessed by defendant subsequent to the making and delivery of the deed, and the complaint alleges that the contract was entered into and the deed and promissory note made and delivered as the result of false and fraudulent representations of defendant known by him to be false and fraudulent when made, and to have been made with the intent to deceive the plaintiff and to have him act upon them, and that the plaintiff relied and acted upon such false and fraudulent representations and thereby suffered injury: *Held*, that the complaint states facts sufficient to constitute a cause of action.

2. Where there is a substantial conflict in the evidence, neither the findings nor judgment of the trial court will be disturbed on appeal.

[As to right of purchaser to rescind contract of sale for breach by vendor in tendering less land than quantity contracted for, see note, in **Ann. Cas.** 1916D, 1154.]

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action for the rescission of a contract, the cancelation of a deed and promissory note, and for the recovery of rental. Judgment for plaintiff. *Affirmed.*

G. G. Pickett and A. L. Morgan, for Appellants.

The complaint must allege that prior to the commencement of the action the plaintiff had elected to rescind; that acting

upon such election, he had restored or offered to restore whatever he had received in the transaction, and that he still stands ready, willing and able to make such restoraton, providing the thing to be restored is of any value. (*Godding v. Decker,* 3 Colo. App. 198, 32 Pac. 832; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Herman v. Haffenegger,* 54 Cal. 161.)

"If a party has no cause of action at the time of its commencement he cannot maintain it by filing a supplemental complaint founded upon matters which have subsequently occurred." (*Hill v. Den,* 121 Cal. 42, 53 Pac. 642.)

This action cannot be maintained upon an amended complaint setting out a condition of affairs which did not exist at the time of the commencement of the action. (*Wittenbrock v. Bellmer,* 57 Cal. 12; *Kelley v. Owens,* 120 Cal. 502, 47 Pac. 369, 52 Pac. 797; *Gifford v. Carvill,* 29 Cal. 589.)

Courts of other states also hold that a return or offer to return is a condition precedent to the commencement of an action upon the rescission of a contract. (*State v. Dennis,* 39 Kan. 509, 18 Pac. 723; *Bowden v. Achor,* 95 Ga. 243, 22 S. E. 254; *Dotterer v. Freeman,* 88 Ga. 479, 14 S. E. 863; *Bryant v. Stothart,* 46 La. Ann. 485, 15 So. 76; *Harkness v. Cleaves,* 113 Iowa, 140, 84 N. W. 1033; *Reeves v. Corning,* 51 Fed. 774.)

Frank L. Moore and J. H. Forney, for Respondents.

The complaint is sufficient. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

Restitution of consideration is excused under the allegations of the amended complaint and the facts disclosed by the evidence. (Pomeroy's Equitable Remedies, sec. 688, notes 67, 70, 73, 74.)

Findings of fact by the court and judgment thereon, based on evidence substantially conflicting, will not be disturbed on appeal. (*Sabin v. Burke,* 4 Ida. 28, 37 Pac. 352; *Spaulding v. Coeur d'Alene Ry. etc. Co.,* 5 Ida. 528, 51 Pac. 408; *Pine v. Callahan,* 8 Ida. 684, 71 Pac. 473; *Curtis v. Kirkpatrick,* 9 Ida. 629, 75 Pac. 760; *Heckman v. Espey,* 12 Ida. 755, 88 Pac.

80; *Miller v. Donovan*, 13 Ida. 735, 13 Ann. Cas. 259, 92 Pac. 991; *Hutchinson v. Watson Slough Ditch Co.*, 16 Ida. 484, 133 Am. St. 125, 101 Pac. 1059; *Salisbury v. Spofford*, 22 Ida. 393, 126 Pac. 400; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383; *Hufton v. Hufton*, 25 Ida. 96, 136 Pac. 605; *Cameron Lumber Co. v. Stack-Gibbs L. Co.*, 26 Ida. 626, 144 Pac. 1114; *Bower v. Moorman*, 27 Ida. 162, 147 Pac. 496; *Pomeroy v. Gordan*, 25 Ida. 279, 137 Pac. 888; *Commercial Trust Co. v. Idaho Brick Co.*, 25 Ida. 755, 139 Pac. 1004.)

BUDGE, J.—This suit was brought by respondents in the district court of the second judicial district, in and for Latah county, against appellants, for the cancelation of a certain deed made by respondents by which certain lands and premises belonging to respondents situate in Latah county, Idaho, were conveyed to appellant W. R. Clemans, and for the cancelation of a certain promissory note for the sum of $1,000 made by respondents and payable to the order of appellant W. R. Clemans.

From the record it appears that respondents were the owners of certain lands and premises situate in Latah county, and that appellants were the owners of an undivided fifty-eight per cent of an interest in a large tract of land lying in Walla Walla county, Washington. This interest was by virtue of a contract for a sale of said land by one Preston to one Kenworthy. On March 27, 1913, appellant W. R. Clemans proposed to sell to respondent Charles G. Hayton a twenty-five per cent, or one-fourth interest, in and to the lands and premises lying in Walla Walla county. It is charged in the complaint that appellant W. R. Clemans, for the purpose of inducing respondents to enter into this contract, made false and fraudulent representations in five different and distinct particulars: First, that there were 1,800 acres of growing crop upon said Walla Walla lands, when in truth and in fact there were not to exceed 800 acres of growing crop; second, that 320 acres of good land in sec. 8, twp. 12 north, range 36 E., W. M., was a part of the tract in which respondents were purchasing an interest, when in truth and in fact it was not

a part, and was the land of another; third, that certain valueless land, consisting of 320 acres in sections 4 and 9 of said lands and premises, was not a part of the tract in which respondents were about to purchase from appellant a one-fourth interest; fourth, that for the year 1912 the lands and premises in Walla Walla county produced from thirty-nine to forty-two bushels of wheat to the acre, when in truth and in fact for that season the premises produced only eleven bushels per acre; fifth, that there was due from Walter Kenworthy to W. G. Preston, upon the contract, as the purchase price to be paid for these premises, the sum of $33,000 and no more, when in truth and in fact there was due upon this contract the sum of approximately $39,000.

The complaint also sets out that appellant W. R. Clemans made such false and fraudulent representations in each and all of these particulars, knowing the same to be false and untrue, for the purpose of inducing respondents to convey to him the said tract of land belonging to them, mentioned and described as being in Latah county, and for the purpose of inducing them to make, execute and deliver to him a certain promissory note for the sum of $1,000; that respondents did not know and had no means of knowing that the fraudulent representations so made by appellant W. R. Clemans were false and fraudulent, and that, relying upon these representations and believing them to be true, they entered into a contract with said appellant for the purchase of his twenty-five per cent or one-fourth interest in and to the lands and premises mentioned and described as being in Walla Walla county, Washington; that as a consideration for this purchase, respondents by a good and sufficient deed conveyed to appellant W. R. Clemans the property mentioned and described as being in Latah county, Idaho, at an agreed price of $9,300, and made and delivered to him their promissory note in the sum of $1,000, and assumed and agreed to pay the unpaid balance due under the contract between W. G. Preston and wife and Walter J. Kenworthy, aggregating $33,000 as represented by appellant W. R. Clemans, and further assumed the payment of one-fourth of $20,000 secured by mortgage upon the lands

and premises in Walla Walla county, Washington; that respondents did not discover such fraud until about the middle of April, 1913, and after they had made and delivered to the said W. R. Clemans the deed and note; that upon discovering that they had been defrauded, they demanded of W. R. Clemans that he reconvey the lands and premises located in Latah county to them and return and surrender to them the said promissory note, with which demand and request he failed and refused to comply.

It is further alleged that on or about June 30, 1913, W. G. Preston and his wife, Matilda Cox Preston, began an action in the circuit court of Washington, Walla Walla county, against respondent Andrew M. Anderson and wife, C. Quesnell and wife, and appellant W. R. Clemans and wife, to annul, vacate, set aside and rescind the contract between him, W. G. Preston, and Walter J. Kenworthy, for the sale to Kenworthy of the lands in Walla Walla county, and under which these respondents and appellants acquired and held an interest in said lands, which action was predicated upon a breach of this contract by default in the payment of moneys due November 1, 1912, according to the terms of the contract, which payments he, W. R. Clemans, had falsely and fraudulently represented to respondents had been made, and which default in said payment existed at the time the respondents made, executed and delivered to W. R. Clemans the deed and promissory note; that appellant Clemans failed and refused to perform the conditions of his contract, and permitted W. G. Preston and his wife to prosecute the action to judgment; and that these lands were not redeemed and the contract between W. G. Preston and Walter J. Kenworthy and all rights and interests thereunder by reason of the default were forfeited.

It is also alleged in respondent's complaint that the rental value of the lands so conveyed to W. R. Clemans was reasonably worth the sum of $4,000 for the years 1913 and 1914, and that from March 27, 1913, and up to and until the filing of the amended complaint, the appellants have been in posses-

sion of the lands and premises conveyed to them by respondents, and each and every part thereof.

The respondents prayed judgment in their complaint against appellants for a cancelation of the deed and the note mentioned and described in the complaint, and a reconveyance of their lands and premises to them, and a rescission of the contract to purchase said one-fourth interest in the Walla Walla county lands, for the sum of $4,000, the rental value of the Latah county lands, and for all equitable relief.

Upon the trial of this cause, judgment was rendered in favor of respondents rescinding the contract, canceling and setting aside the deed made and delivered by respondents to appellant W. R. Clemans, and decreeing that W. R. Clemans return and deliver to Charles G. Hayton, the promissory note for the sum of $1,000, and awarding judgment in favor of respondents and against appellant W. R. Clemans in the sum of $300 as the rental of the lands conveyed by respondents mentioned and described in their complaint, located in Latah county, for the years 1913 and 1914.

This is an appeal from the judgment and from the order of the court overruling appellants' motion for a new trial. Appellants assign and rely for a reversal of the judgment and the action of the court in denying their motion for a new trial, upon five specifications of error; First, that the court erred in finding and deciding that the representations made by appellant constituted fraud or in any manner sustains judgment of cancelation of the deed from respondents to Clemans; second, that the court erred in overruling appellants' demurrer to the complaint; third, that the court erred in admitting any evidence over appellants' objection for the reason that the complaint does not state facts sufficient to constitute a cause of action; fourth, that the court erred in overruling appellants' motion for a new trial; fifth, insufficiency of the evidence to support the findings, conclusions and decree.

The foregoing assignments of error raise two material questions; First, does the complaint state facts sufficient to constitute a cause of action? And second, is the evidence

sufficient to support the findings of fact made by the trial court, and the judgment entered thereon?

We have carefully examined respondents' complaint, and are of the opinion that it states a cause of action. (*Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Brown v. Norman,* 65 Miss. 369, 7 Am. St. 663, 4 So. 293; Pomeroy's Equity Jur., sec. 688, notes 67, 70, 73, 74.)

As to the second contention, the trial court found from all of the testimony of the witnesses that appellant W. R. Clemans, at the time he procured the respondents to enter into the contract referred to in the complaint, to make and deliver the deed to the premises upon which they resided in Latah county, and to execute and deliver the note for $1,000, made false and fraudulent representations to the respondents, which he knew to be false and fraudulent at the time he made them, and which he made with the intention that respondents would act upon them, and that the respondents relied and acted upon such false and fraudulent representations to their injury. That these findings of facts are based upon substantially conflicting evidence is clearly apparent to us from an examination of the record. This being true, under the well-established holding of this court, neither the findings of fact nor the judgment based thereon will be disturbed on appeal. (*Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Henry Gold Min. Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Commercial Trust Co. v. Idaho Brick Co.,* 25 Ida. 755, 139 Pac. 1004.)

We are therefore forced to the conclusion that the judgment of the trial court should be sustained, and it is so ordered. Costs are awarded to respondents.

Sullivan, C. J., concurs.

Justice Morgan did not sit at the hearing of this case and took no part in the decision.

(June 28, 1917.)

ON REHEARING.

RESCISSION OF CONTRACT—PLEADING.

1. In an action for the rescission of a contract, the complaint need not show that prior to the commencement of the action plaintiff offered to place defendant *in statu quo*.

2. Where the complaint in an action for the rescission of a contract shows that the consideration received by plaintiff was an interest in land under a contract of purchase, and that such contract has been foreclosed by decree for default in payments due thereunder, which payments defendant represented to plaintiff had already been made, it is not necessary that the complaint should offer to restore to defendant the consideration received as a condition precedent to plaintiff's right to cancelation and rescission.

FLYNN, District Judge.—A rehearing having been granted in this case, the court has very carefully reconsidered the questions presented to it upon this appeal. The point most strenuously urged is that the complaint fails to state facts sufficient to constitute a cause of action in that it does not show that at the time plaintiff claims to have discovered that he was defrauded, and at the time the action was commenced, any offer was made to return to defendant the interest or title to the Walla Walla property. The allegations of the complaint as to the transactions between the parties are sufficiently shown in the original opinion. It is further urged that not only is the complaint insufficient in this respect, but that the proof shows that no such offer was made, and that therefore the entire case must fail.

The contention of appellant on this point, as I understand it, is that before a party is entitled to rescind a contract, he must put, or offer to put, the other party *in statu quo* by a full restoration of all that he has received. This court has heretofore held that this rule is applicable in cases where a rescission is made before an action is brought, but that such a tender or offer is not necessary as a condition precedent to a suit for rescission, and I feel that such decision is control-

ling and correct. (*Gamblin v. Dickson,* 18 Ida. 734, 112 Pac. 213.)

After the filing of the original complaint in this action, the rights of all the parties hereto in the Walla Walla property were canceled by a decree of the superior court of Washington for Walla Walla county, forfeiting the rights of all parties claiming under the Preston-Kenworthy contract for default in payment of moneys due November 1, 1912, under the terms of the contract. The amended complaint, on which this action was tried, pleads the decree of the Washington court.

Conceding that it is necessary in a suit for rescission that the plaintiff plead his willingness to restore the consideration received by him and to do equity, do the facts pleaded in relation to the foreclosure of the Washington contract, under which contract both appellants and respondents acquired an interest in the Walla Walla property, obviate the necessity of an offer in the amended complaint to restore the consideration received? I think they do. One of the very purposes of pleading the Washington decree must have been to show that the consideration received by Hayton had gone from his control and could not be returned on account of the decree foreclosing for a default in a payment past due at the time Hayton and Clemans made their contract, which payment Clemans fraudulently and falsely represented had been made. At the time of the filing of the amended or supplemental complaint in this action, Hayton had no interest in the Walla Walla property. His rights had been foreclosed by the Washington decree. He had nothing to tender back to Clemans and was in this condition through no default of his own. Under these circumstances it would be a futile offer on his part to assign back to Clemans his foreclosed equity in the Walla Walla land.

I agree also with the original opinion, filed in this case, that the findings of fact are based on substantially conflicting evidence, and therefore should not be disturbed.

The former opinion of the court in this case is reaffirmed.

Budge, C. J., and Rice, J., concur.