(April 5, 1924.)

## THE FIRST NATIONAL BANK OF EMMETT, IDAHO, a Corporation, Respondent, v. ANNIE S. CRUICK-SHANK and ALEXANDER CRUICKSHANK, Wife and Husband, Appellants.

[225 Pac. 142.]

CONTRACT — CONSTRUCTION OF — WHEN NOT AMBIGUOUS—QUESTION OF LAW—PARTY-WALL.

1. Where owners of adjacent town lots agree in writing that one of them may construct a party-wall upon the dividing line between their properties and that the other will pay one-half of the cost of the same for a given length when he uses such wall and the agreement is not ambiguous, parol evidence is not admissible to vary its terms.

2. Where a written agreement is not ambiguous its construction is a question of law for the court.

3. Findings of a court on questions of fact have the force and effect of a verdict of a jury, and where there is a substantial conflict in the testimony this court will not set aside the findings of the trial court.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action for breach of contract. Judgment for plaintiff. *Affirmed.*

Geo. C. Huebener, for Appellants.

Where the language of a contract is susceptible of more than one construction it should be construed in the light of the circumstances surrounding the parties at the time it was made together with all the facts and circumstances leading up to and attending its execution. (*Tilden v. Hubbard*, 25 Ida. 677, 138 Pac. 133; *State v. Twin Falls Canal Co.*, 21 Ida. 410, 121 Pac. 1039; *Schurger v. Moorman*, 20 Ida. 97, Ann. Cas. 1912D, 1114, 117 Pac. 122, 36 L. R. A., N. S., 313; *Twin Falls etc. Co. v. Salsbury*, 20 Ida. 110, 117 Pac. 118; *Suave v. Title Guaranty & Surety Co.*, 29

Ida. 146, 158 Pac. 112; *Kroeger v. Good,* 13 Ida. 184, 89
Pac. 632; 13 C. J., sec. 497, p. 533, sec. 509, p. 540, sec. 514,
p. 542.)

If there is doubt and uncertainty, not about what the
substance of the contract is, but as to its particular applica-
tion, it may be explained and properly directed. (22 C. J.,
sec. 1570, p. 1173.)

It is very generally held that the negotiations between the
parties prior to the execution of a contract or other writing
may be admissible for the purpose of aiding the court in
the interpretation of the written instrument. (22 C. J.,
sec. 1585, p. 1183; *Graham v. Brown Bros. Co.,* 30 Ida. 651,
168 Pac. 9.)

Finley Monroe, for Respondent.

Parol evidence was not admissible to vary the term of
the written contract. (*Hurt v. Monumental Mercury Min.
Co.,* 35 Ida. 295, 206 Pac. 184; *Webber v. Killorn,* 66 Mont.
130, 212 Pac. 852; Flynn's Idaho Digest, p. 286, and cases
cited.)

WILLIAM A. LEE, J.—The parties to this action were
the owners of adjacent lots in the town of Emmett. In May,
1920, they entered into a written agreement to build a
party-wall on the dividing line between their respective
properties, one-half of the wall to be on the property of
each. The more material parts of said agreement read:

"The said first party in consideration of the covenants and
agreements on the part of the second parties hereinafter
contained, agree to at once commence the work of excavat-
ing for the construction of, the foundation for such party-
wall, and at its present, own cost, charge and expense con-
struct the same for a distance of 60 feet in length from
the Main Street end of said lots south, and of concrete of a
thickness of 20 inches, and from a proper depth for base-
ment purposes up to within 16 inches of the surface of the
present sidewalk, the same to be uniform in width con-

structed of such material as to be in every way permanent and also uniform in construction throughout.

"And the said parties of the second part agree that when at any time said second parties or their successors or assigns shall construct a building, making use of said party-wall, then they or their assigns will pay to said first party, at said time, one-half of the cost of said party-wall thus constructed of which they may make use, whether the same be for the full 60 feet or less, and at the present cost of such construction.

"It is further fully understood and agreed between the parties hereto that if either shall build upon such party-wall foundation, such wall shall be constructed of concrete of the same material and shall be uniform in construction with said foundation wall, but shall be only 12 inches in width, one-half thereof to rest upon the land of the other, being built in the center of said foundation and when the other shall make use of the wall so built the other shall pay to the one so building one-half of the cost thereof."

Respondent constructed a foundation wall and a sidewall upon such foundation in conformity with the terms of this agreement. The contract limited the length of the wall, for which appellants should be liable, to 60 feet, but respondent having occasion for a larger building constructed this wall to a depth of 80 feet and in computing the cost that was chargeable against appellant for their part of the construction deducted 25 per cent of the total cost which was incurred for the 80 feet so constructed. Appellants thereafter constructed a building, using this party-wall for the superstructure for the entire 60 feet which had been agreed upon in the contract but limited the basement which they constructed under their building to 13 feet instead of continuing it for the entire length of their building. Upon appellants having used this wall in the manner stated respondent submitted to them a statement of the costs which it had incurred in the construction of the first 60 feet of this entire wall. The statement contained one-half of the cost of the foundation for said 60 feet and one-half of the cost

of the sidewall for the same distance. Appellants contend that under the terms of the agreement they were only liable for the cost of the foundation wall in so far as they should elect to use the same for basement purposes and accordingly tendered payment for one-half of the cost of the sidewall for the full 60 feet and for the cost of 13 feet of the foundation wall. Respondent having refused the tender attempted to claim a mechanic's lien for one-half the construction cost of this party-wall or the sum of $917.21, this being one-half the amount which it claimed to have expended for the foundation and superstructure wall to a distance of 60 feet from the front of the building.

The cause was tried to the court, which held that respondent was not entitled to a mechanic's lien but was entitled under the terms of the written agreement to recover one-half of its expenditure for this party-wall including the foundation wall for the entire 60 feet, as well as one-half the cost of the superstructure, and entered a judgment for this amount from which this appeal is taken. Numerous errors are assigned all of which relate to the same general question and depend for their proper determination upon a construction of this written agreement. Appellants contend that it is ambiguous and susceptible of different constructions and that the only way in which its true intent and meaning can be ascertained is by a consideration of the prior negotiations leading up to the making of this agreement as well as the terms of the written agreement itself. Respondent contends that the terms of the agreement are sufficiently definite and certain to preclude the admission of parol testimony and that the only question involved is one of law as to the correct interpretation of this agreement. Very ingenious arguments are made on behalf of appellants intended to show that the term "party-wall" and "foundation wall" had reference to distinct and separate parts of this structure, and that in view of all the circumstances when the agreement is considered in the light of the purpose for which it was made it cannot be construed to mean that appellants intended to pay one-half the cost of

the foundation wall for the full 60 feet, but only for such part as they elected to use for basement purposes. We cannot agree with this construction of the contract and conclude that the court rightly interpreted its meaning in holding that by its terms it made appellants, upon making use of this basement wall for the division wall erected thereon, liable for one-half the cost of the construction of the entire wall from basement to top, for the 60 feet, when they used any part of the same in the construction of their 60-foot building. Had they intended to limit their liability to the payment of one-half of the cost of only such part of the basement as they elected to use for basement purposes, this limitation could easily have been expressed in the agreement.

There is no claim that appellants were misled or deceived, or by any artifice or deception induced to execute this agreement in terms contrary to what they intended it to be. It appears that after the preliminary negotiations had been in progress for some days Alexander Cruickshank, the husband, who was acting for both appellants, went with the president of respondent company to an attorney's office and in part dictated the contract that was subsequently executed between the parties. While appellants may have intended to limit their liability for the cost of this party-wall to only the 13 feet of the foundation wall which they are now using for basement purposes, the language employed in the agreement does not reasonably admit of such a construction. Appellants' part of the party-wall above ground for the full 60 feet is constructed on this foundation wall, and they may at any time use the entire 60 feet for basement purposes if they desire to do so. No fraud or undue influence is claimed; the parties were dealing at arm's-length. Both were competent to contract and both are now equally bound by the terms of the agreement as made. We think a fair and reasonable construction of this agreement makes appellants liable for one-half of the cost of this entire wall including the basement wall for the 60 feet.

"Where parties have entered into a contract or agreement which had been reduced to writing, if the writing is complete upon its face and unambiguous, and no fraud or mistake being alleged or shown, parol evidence is not admissible to contradict, vary, alter, add to or detract from the terms of the contract." (*Hurt v. Monumental Mining Co.*, 35 Ida. 295, 206 Pac. 184.)

It is urged on behalf of appellants that respondent might have constructed this wall at less expense if bids for construction work had been called for and the work done by contract. They tendered evidence tending to show that certain contractors were willing to undertake its construction at a somewhat smaller figure than the actual cost proved to be, under the supervision of the president of the bank, who did this construction work by day labor and purchasing the material used. There is nothing in the agreement which required respondent to do this construction work in any particular manner except that the basement wall was to be of concrete 20 inches in thickness and from a proper depth and to be uniform in construction and of such material as to make the same permanent. In the absence of any claim that these requirements were not followed or that there was needless expenditure in its construction, we think this agreement only required respondent to use ordinary diligence and care in procuring this work to be done at a reasonable cost and that it was permissible for respondent to have this work done in any manner it should elect so long as it was done without excessive or needless expense. In other words, it was not bound to have the work done, under this agreement, by contract for building the entire wall, if it elected to employ some other usual method.

Upon all the disputed questions of fact there is conflicting evidence. Findings of a court on questions of fact generally have the force and effect of a verdict of a jury, and where there is a substantial conflict in the testimony this court will not set aside such findings. (*Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037; *Neil v. Hyde*, 32 Ida. 576, 186 Pac. 710; *Hayton v. Clemans*, 30 Ida. 25, 165 Pac. 994; *Miller v.*

*Blunck,* 24 Ida. 234, 133 Pac. 383; *Sabin v. Burke,* 4 Ida. 28, 37 Pac. 352; *Riborado v. Quang Pang Min. Co.,* 2 Ida. 144, 6 Pac. 125.)

Objection is made that C. A. West, president of respondent bank, charged for his services in overseeing the construction work of this party-wall. It does not appear that the amount charged was in excess of the reasonable value of such services and no reason appears why this item of expense should not be allowed.

We find no reversible error and the judgment of the court below is affirmed, with costs to respondent.

McCarthy, C. J., and Wm. E. Lee, J., concur.