(February 1, 1926.)

### E. E. EASTWOOD, Respondent, v. BEN L. SCHULTZ, Appellant.

[243 Pac. 653.]

FINDINGS OF COURT—CONFLICT IN EVIDENCE—WHEN NOT DISTURBED.
    Findings of a court on questions of fact have the force and effect of a verdict of a jury, and where there is a substantial conflict in the testimony the findings of the trial court will not be set aside.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

Leo McCarty, for Appellant.

The delivery of the seventy-five shares of stock in the Crystalline Lime Company constituted payment of the promissory note sued on in this action. (*Petridge v. Osborn,* 120 Wash. 21, 206 Pac. 839 ; *Bradley Metcalf Co. v. McLaughlin,* 87 Okl.

---

Publisher's Note.
    2 R. C. L. 206.

    See Appeal and Error, 4 C. J., sec. 2853, p. 876, n. 78; p. 878, n. 82; sec. 2855, p. 884, n. 37; sec. 2869, p. 900, n. 98.

34, 208 Pac. 1032; *Bartholomew v. Emerson-Brantingham Implement Co.,* 68 Colo. 244, 187 Pac. 538; *Eastern Oil Co. v. Smith,* 80 Okl. 207, 195 Pac. 773; *Cranston v. West Coast Life Ins. Co.,* 63 Or. 427, 128 Pac. 427.)

McNamee & Clements, for Respondent.

Findings of fact made from conflicting evidence will not be disturbed where there is substantial evidence to support them. (*Consolidated Interstate Callahan Co. v. Morton,* 32 Ida. 671, 187 Pac. 791; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Bruce v. Frame,* 39 Ida. 29, 32, 225 Pac. 1024; *First Nat. Bank v. Cruickshank,* 38 Ida. 789, 225 Pac. 142; *Deeds v. Stephens,* 10 Ida. 332, 79 Pac. 77; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Bower v. Moorman,* 27 Ida. 162, Ann. Cas. 1917C, 99, 147 Pac. 496; *Wolf v. Eagleson,* 29 Ida. 177, 157 Pac. 1122; *Burt v. Stuart,* 33 Ida. 138, 190 Pac. 713.)

WILLIAM A. LEE, C. J.—Respondent brought this action against appellant to enforce payment of a promissory note, payable on demand, executed by appellant to respondent January 11, 1921, in the sum of $818.19. Appellant admitted the execution of the note and pleaded that he fully paid the obligation by a transfer of seventy-five shares of the corporate stock of the Crystalline Lime Company. The case was tried by the court without a jury, and findings of fact were made upon every material issue presented by the pleadings, against appellant's plea of payment and conclusions were made and judgment was entered thereon in favor of respondent from which judgment this appeal is taken upon nine assignments of error. All of the assignments are predicated upon the contention that the evidence does not support the findings, and will be considered together.

Findings of a court on questions of fact have the force and effect of the verdict of a jury, and where there is a

substantial conflict in the testimony, such findings will not be set aside. (*First Nat. Bank v. Cruickshank*, 38 Ida. 789, 225 Pac. 142; *Jain v. Priest*, 30 Ida. 273, 164 Pac. 364; *Wolf v. Eagleson*, 29 Ida. 177, 157 Pac. 1122; *Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80.)

The evidence is conflicting, but there is very substantial evidence to support the findings of the trial court. Upon the entire record we conclude that the evidence preponderates in favor of respondent, and we are bound by the well-settled rule that findings of fact made by a trial judge, based principally upon the testimony of witnesses who have testified before such judge, where he has had the benefit of observing their demeanor upon the stand and of listening to their testimony, will not be disturbed because of a conflict where there is substantial evidence to support such findings.

After appellant delivered the seventy-five shares of stock to respondent, as he claims, in full payment of the note in question, knowing that it was then held by the First National Bank of Lewiston, as collateral to secure an indebtedness of respondent, in a conversation with the cashier of the bank holding this collateral, appellant stated that he did not intend to repudiate payment of the note. He knew at this time that the bank was the legal holder of the note. In fact it appears that the bank still holds its interest in this note as collateral having returned it to respondent, the original payee, for the purpose of bringing this action to enforce payment. In addition to this there is very substantial evidence to support respondent's contention that appellant obtained the money from respondent for which this note was originally given, under an agreement to repay it in money as its terms require, and the further consideration that as an inducement for such advancement he would give respondent stock in the enterprise which appellant was then attempting to promote, after such corporation was organized and had become a going concern.

There being no error in the record, the judgment of the court below is affirmed, with costs to respondent.

Wm. E. Lee, and Budge, Givens and Taylor, JJ., concur.