(No. 5877.   October 21, 1932.)

D. PATRICK, Respondent, v. CLARENCE E. BISBEE and JESSIE ROBINSON BISBEE, Appellants.

[15 Pac. (2d) 730.]

J. H. Barnes, for Appellants.

Turner K. Hackman, for Respondent.

VARIAN, J.—February 19, 1929, appellants executed their promissory note to respondent for $4,000, payable three years after date, with interest at the rate of eight per cent per annum, payable semi-annually. The note further provided, ''If interest is not paid when due, the principal shall draw interest at the rate of ten per cent. per annum, until such interest shall be fully paid. If not so paid, the whole sum of both principal and interest, at the option of the legal holder hereof, shall become immediately due and collectible.'' Contemporaneously with the execution of said note, appellants executed their mortgage upon certain real property in Twin Falls, to secure payment thereof. The mortgage provided that in case of default in the payment of interest, as specified in the note, or taxes, water maintenance, etc., the mortgagee might, at his option, consider the whole principal sum due and payable. Appellants defaulted in the payment of interest and did not pay taxes for the years 1929, 1930 and 1931. Electing to declare the principal sum

due, respondent began foreclosure proceedings January 6, 1932, before the maturity date fixed by the note, i. e., February 19, 1932. The form of the note (see *Easton v. Butterfield Live Stock Co.*, 48 Ida. 153, 279 Pac. 716) or the validity of its stipulations are not in controversy. The sole question admittedly is, Were certain payments, made on account of interest, usurious? That is, in the absence of an agreement in writing, were certain payments, designated as "compound interest," knowingly received by respondent as interest upon interest?

The applicable sections of our code are:

C. S., sec. 2552: "Parties may agree in writing for the payment of any rate of interest, on money due or to become due on any contract, not to exceed the sum of 10 per cent. per annum; any judgment rendered on such contract shall bear interest at the rate of 7 per cent. per annum until satisfied."

C. S., sec. 2553: "Parties may agree in writing for the payment of compound interest, if the rate of interest on interest does not exceed the maximum allowed by section 2552 and the aggregate of the interest and compound interest does not exceed such maximum rate on the principal; and subject to the power of a court to afford relief from contracts usurious by reason of fraud or duress or otherwise, and to allow the recovery of usury already paid."

C. S., sec. 2554: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by this chapter, when knowingly done, shall be deemed a forfeiture of the entire interest which the contract carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back the amount of the interest thus paid from the person taking or receiving the same. No indorsee in due course of negotiable paper is affected by any usury exacted by any former holder of such paper unless he have actual notice of the usury previous to his purchase."

The following payments were made by appellants in the manner hereinafter mentioned, viz.: By checks on the First National Bank of Twin Falls, dated:

August 19, 1929, stating ''to apply on interest due August 19, 1929''..........................$105

October 16, 1929, stating ''Balance on interest due August 19'' ...............................$ 55

February 19, 1930, stating ''To apply on interest due Feb. 19''..............................$ 65

June 27, 1930, stating ''Part payment Interest—due Feb. 19'' ..................................$ 35

August 19, 1930, stating ''Final payment int. due Feb. 19–1930'' .............................$ 60

August 19, 1930, stating, ''Part payment int. due August 19–1930'' ..........................$100

By cash, on May 16, 1931........................$ 60

Each of the foregoing payments was indorsed upon the note. The following payments were not so indorsed: By similar check dated:

October 16, 1929, stating ''Compound int. on delinquent payment'' ..........................$ .75

June 27, 1930, stating ''Compound Int. on delinquent payment which was due Feb. 19''......$1.00

August 19, 1930, stating ''Compound int. on delinquent payment due Feb. 19–'30''............$2.40

Cash deposit, May 16, 1931, credited as interest...$3.60

The four payments last mentioned are relied upon by appellants to establish their contention that there has been a violation of C. S., sec. 2553, prohibiting compound interest except in certain cases.

No payment of any kind, at any time, was made direct to respondent. The note was left by him at the Twin Falls Bank & Trust Co., where all of the above-mentioned payments were made. All, with the exception of the last two made on May 16, 1931, were made by appellant Bisbee's check, on the First National Bank of Twin Falls, made out and signed with his name by his wife and delivered

by the husband to the Twin Falls Bank & Trust Co. An employee of that bank then indorsed respondent's name thereon and credited his general account with the amounts paid. Appellant Bisbee testified that when he paid by check the indorsements on the face of the checks, above mentioned, were each thereon; that every time he made a payment on account of interest, or within a day or two thereafter, he personally informed respondent of the fact and that he had deposited the four sums (last above mentioned) as interest upon interest; that respondent thanked him and seemed pleased. Respondent, a man of 87 years, denies this testimony *in toto* and testifies that on one occasion only did Mr. Bisbee make any such statement to him; that he then refused to accept compound interest and so notified the bank. The item of August 19, 1930, claimed to be interest upon interest, was indorsed on the note and afterwards, by respondent, erased therefrom. All indorsements were made on the note by employees of the said bank. Many facts and deductions not referred to here tend to sustain the court's findings to the effect that respondent "did not knowingly take, receive, reserve, or charge, compound interest or a rate of interest greater than is allowed by Chap. 117, Idaho Compiled Statutes," and that neither the Twin Falls Bank & Trust Co., nor any of its officers, employees or agents were authorized to accept such interest. The testimony on many points is conflicting, particularly on the vital questions as to whether the alleged payments were intended as interest upon interest, and whether they were thus "knowingly received" by respondent.

Finding substantial evidence in the record to sustain the court's findings they will not, therefore, be disturbed. (C. S., sec. 7170; *First Nat. Bank v. Cruickshank,* 38 Ida. 789, 225 Pac. 142; *Eastwood v. Schultz,* 42 Ida. 118, 243 Pac. 653.)

Appellants review and analyze the evidence, particularly that relating to respondent's denials of knowledge of the receipt by the bank for him of interest upon interest. The trier of fact (here the trial court) is the sole judge of

the credibility of the witnesses and we cannot inquire into matters relating thereto on appeal. (27 Cal. Jur. 182, sec. 156, and cases cited therein; C. S., sec. 7935. See, also, *First Nat. Bank v. Cruickshank, supra,* and *Eastwood v. Schultz, supra.*)

Decree affirmed. Costs to respondent.

Lee, C. J., and Budge, Givens and Leeper, JJ., concur.

Petition for rehearing denied.