(No. 6185.   April 25, 1935.)

HARDY BREDING, CHRIS ADOLF and C. A. COON, Respondents, v. BOARD OF COUNTY COMMIS- SIONERS OF POWER COUNTY, IDAHO, and AMERICAN FALLS PRESS, a Corporation, Appellants.

[44 Pac. (2d) 290.]

Terrell & Bistline, for Appellants.

Bissell & Bird, for Respondents.

AILSHIE, J.—Respondents, Breding, Adolf and Coon, appealed from an order of the Commissioners of Power County allowing the claim of the American Falls Press for publishing the annual financial statement for 1932. The district court heard the case on appeal and reduced the claim $68 and approved the order of the Board for the balance. The American Falls Press intervened in the district court and has, in conjunction with the Board of Commissioners, appealed from the judgment reducing its claim. The errors assigned are directed at two of the conclusions of law reached by the court—first, "That there is no statutory authorization for the publication in a newspaper of the annual financial statement of a county." Second, "That the voucher presented by said American Falls Press was and is excessive and in an amount greater than that for which the county was liable for said publication, and that the claim of said American Falls Press should be scaled down to the amount legally due under the statutes of the State of Idaho."

■ The question as to whether there exists "statutory authorization for the publication in a newspaper of the annual statement of a county" is not presented in a manner that requires or would justify the court in passing upon it in this case. The trial court did not disallow the claim for lack of statutory authority in incurring it but reduced the amount only on the grounds that too much had been allowed when computed by the legal standard prescribed by statute. (Sec. 58–105, I. C. A.) The court based its allowance on the grounds that the Board of Commissioners had at a meeting prior to publishing the statement, ordered the publication to be made in the American Falls Press and that no appeal had ever been taken from that order as required by law (sec. 30–1108, I. C. A.) and that the order so made had become *final* and binding. Neither the county nor the claimant is in position to urge as error the conclusion of the court "that there is no statutory authorization for the publication," for the reason that notwithstanding that conclusion the court did not reject or disallow the claim or any part of it on that ground.

■ The second assignment involves a question of fact, namely, a computation of the number of statutory inches of the publication and there is sufficient evidence in the record to support the finding, and for that reason we are not at liberty to disturb or interfere with the court's finding in that respect. (Sec. 11–219, I. C. A.; *Eastwood v. Schultz,* 42 Ida. 118, 243 Pac. 653; *Patrick v. Bisbee,* 52 Ida. 369, 15 Pac. (2d) 730.)

Judgment affirmed with costs to respondents.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.