202 P.2d 398

KOSER v. BOHEMIAN BREWERIES, Inc,
No. 7424.

Supreme Court of Idaho.
Jan. 25, 1949.

Harry S. Kessler, of Boise, for appellant.

C. Stanley Skiles, of Boise, for respondent.

PORTER, Justice.

During the month of November, 1946, the appellant and respondent entered into negotiations for the making of certain alterations and improvements by the appellant upon the property of the respondent. The respondent was acting by its Boise Manager, Steve T. Collins. The work to be done consisted principally of the installation of a Kewanee Hi-Test boiler in the building of the respondent in Boise, Idaho, and the erection of a steel smoke stack. The appellant contends that he was to purchase the necessary materials at wholesale prices and employ the necessary labor; was to supervise the installations; and was to furnish a helper and some tools and machinery. That it was agreed that he was to be paid for his services on a twenty-twenty basis; that is, he was to receive twenty per cent of all invoices for materials, and at the conclusion of the work, was to receive

an additional twenty per cent of the entire cost of the contract to cover his labor, his helper, and the use of his machinery.

Some preliminary work was done by the appellant. Later, the engineer of the respondent, a Mr. Muzatko, from Spokane, being in Boise, wanted a contract showing what the work would cost. The appellant was requested to furnish an estimate. On November 26, 1946, the appellant gave the respondent an estimate wherein he estimated the total cost of the work at Five Thousand Four Hundred and Forty-five ($5,445.00) Dollars. On November 27, 1946, appellant and respondent entered into a written contract whereby the appellant agreed to make the installations in questions at a total cost of not exceeding Five Thousand Five Hundred ($5,500.00) Dollars; this sum to include his compensation in full. There was also a provision in the contract to the effect that if any savings could be made by the purchase of materials below the estimated cost, then respondent was to have the benefit of such savings.

There were some changes made in the proposed installations just prior to the signing of the contract and some changes made thereafter. The appellant contends that he objected to these changes at the time the contract was signed and on occasions thereafter. That he was assured by the manager of the respondent that the contract would be disregarded and appellant paid on the basis of the alleged original or oral agreement, that is, on the twenty-twenty basis.

Apparently, however, the additional expense of all changes was paid by the respondent and not charged to the contract of appellant. During the progress of the work the respondent paid to the plaintiff the invoices presented by appellant together with an additional twenty per cent thereon. When the work was completed the appellant sought to collect an additional twenty per cent on the cost of the completed job; and the respondent contended that the appellant had already been overpaid. No settlement having been reached, the appellant filed a claim of lien for the sum of One Thousand Eighty-eight and 15/100 ($1,088.15) Dollars on the 13th day of May, 1947, and on the same day, commenced his action to foreclose such lien.

The appellant predicated his complaint upon an alleged verbal contract entered into on or about November 20, 1946. The respondent by its answer alleged the work was done under the written contract entered into on November 27, 1946. The answer further alleged that the appellant had been overpaid; and by way of counterclaim the respondent sought to recover the overpayment and damages for alleged faulty and incomplete installations. Trial was had before the Court sitting without a jury. The trial court entered judgment that the plaintiff had been fully paid, that the claim of lien be discharged and that the defendant have judgment for costs of suit. From such judgment appellant prosecutes this appeal.

The first assignment of error by appellant is as follows:

"The Court erred in failing to make a finding upon the material testimony as to the verbal modification of the written contract of Nov. 27, 1946, and the subsequent agreement and understanding as to appellant's compensation for his work, and in failing to make any conclusion of law as to the legal effect of such verbal agreement."

By Finding of Fact No. III the Court found:

"That on or about the 27th day of November, 1946, the plaintiff and defendant entered into a certain agreement in writing whereby plaintiff agreed to furnish and install, in and upon the premises owned by defendant, certain equipment and machinery including a Kewanee Boiler, for the total sum of Five Thousand Five Hundred ($5,500) Dollars, and which sum defendant agreed to pay for all such labor, work, equipment and installation."

It appears from the record that the findings of fact proposed by the respondent were served upon the appellant on the 5th day of November, 1947, and were not signed by the Court until the 12th day of November 1947. The appellant made no request for amended or additional findings of fact although given reasonable opportunity so to do.

It is well settled in this jurisdiction that in order to raise the question as to the failure of the trial court to find on an issue, the aggrieved party must call the matter to the attention of the trial court either by requested finding, motion, or otherwise; and that failure to do so is a waiver of the error, if any has been committed. Nelson v. Altizer, 65 Idaho 428, 144 P.2d 1009 and cases cited. Naccarato v. Village of Priest River, Idaho, 68 Idaho 368, 195 P.2d 370.

While the findings of the trial court must cover the material issues necessary to support a judgment, it is likewise the rule that failure to find on all the issues of the case will not result in a reversal of a judgment if the findings made by the trial court are inconsistent with the theory advanced by the appellant or presented by his pleadings and are, standing alone, sufficient to support the judgment. If the findings made are inconsistent with the allegations and theory of appellant's case, the presumption will be indulged, that if the findings had been made thereon, they would have been adverse to appellant. Nelson v. Altizer, supra; Naccarato v. Village of Priest River, supra; Arestizabal v. Arestizabal, 67 Idaho 492, 186 P.2d 218; Lingenfelter v. Eby, 68 Idaho 134, 190 P.2d 130.

The finding of the trial court that the work in question was done under the written agreement of November 27, 1946, is sufficient to support the judgment and is inconsistent with the theory advanced by appellant that the work was done under an oral agreement or under a modification of the written contract.

The appellant cites as error the making by the court of the above set out

Finding of Fact No. III; and the finding by the court that the respondent had paid to the plaintiff the sum of Five Thousand Six Hundred and 92/100 ($5,600.92) Dollars. These findings of fact are sustained by substantial evidence. Under such circumstances, the findings of the trial court will not be disturbed. Stephens v. Stephens, 53 Idaho 427, 24 P.2d 52; Boise Payette Lumber Co. v. Bales, 52 Idaho 762, 20 P.2d 214; Patrick v. Bisbee, 52 Idaho 369, 15 P.2d 730; Eastwood v Schultz, 42 Idaho 118, 243 P. 653; First National Bank of Emmett v. Cruickshank, 38 Idaho 789, 225 P. 142.

The other assignments of error by appellant are general in nature and present no additional questions. The judgment of the trial court will be affirmed. Costs awarded to respondent.

HOLDEN, C. J., GIVENS and HYATT, JJ., and TAYLOR, District Judge, concur.