(June 23, 1917.)

## CHARLES HOLLAND, Appellant, v. THE AVONDALE IRRIGATION DISTRICT, an Association, Respondent.

[166 Pac. 259.]

IRRIGATION DISTRICTS—ASSESSMENTS—SALE OF LANDS FOR DELINQUENT ASSESSMENTS—PUBLIC OFFICER—RES ADJUDICATA—FINDINGS OF FACT.

1. Where the steps taken by the officers of an irrigation district in levying assessments and spreading the same upon the assessment-roll, and matters connected therewith, are regular, upon failure to pay the assessment, the right of sale follows.

2. The treasurer of an irrigation district is under an affirmative statutory duty to accept nothing but "lawful money of the United States" in payment of assessments.

3. An agreement whereby a treasurer of an irrigation district is to accept a tender other than "lawful money of the United States," as provided by statute, is a legal nullity.

4. Where an assessment is duly levied by an irrigation district, and the same is unpaid and delinquent, it is the duty of the treasurer under the law to proceed to sell the land.

5. Where an irrigation district has been regularly organized and the benefits for the cost of the works apportioned to the land, such matters become *res adjudicata* and are not subject to collateral attack.

6. Special assessments are not provided for in secs. 2407 to 2409, Rev. Codes (amended, Laws 1911, p. 200), and are therefore to be levied and collected in conformity with the procedure for levying and collecting assessments for the payment of principal and interest of bonds, and the assessment is to be listed and carried out in the assessment-books in the same proportion as the assessment of benefits for the cost of the works.

7. A finding of the trial court based upon substantially conflicting evidence will not be disturbed.

[As to power of taxation and for what purposes it can be exercised, see note in 8 Am. St. 506.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. R. N. Dunn, Judge.

Action to enjoin sale of property for failure to pay assessments. Judgment for defendant. *Affirmed.*

Robert D. Leeper, for Appellant.

The contract to furnish appellant's lands with water free from any charge for maintenance fees is valid and binding upon the respondent. (*Stowell v. Tucker*, 7 Ida. 312, 62 Pac. 1033; *Feeney v. Chester*, 7 Ida. 324, 63 Pac. 192; *Nampa & Meridian Irr. Dist. v. Briggs*, 27 Ida. 84, 147 Pac. 75; *Jackson v. Indian Creek Irr. Co.*, 16 Ida. 430, 437, 101 Pac. 814.)

The formation of the district by the stockholders of the old irrigation company simply amounts to a reorganization of the latter. Such reorganization could not affect the contract liabilities of the old company and the district is bound by them. (*Seymour v. Boise Ry. Co.*, 24 Ida. 7, 132 Pac. 427.)

"A corporation, whether public or private, that purchases water rights, ditches, and a canal system, must necessarily take them subject to all the duties and burdens of which it had notice existed against the grantor." (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 218, 101 Pac. 81.)

W. F. McNaughton and Edward H. Berg, for Respondent.

The plaintiff, or his predecessors in interest have had their day in court, and could not collaterally attack the proceedings had in the matter of the organization of the irrigation district confirmed by the district court. (*Knowles v. New Sweden Irr. Dist.* (on rehearing), 16 Ida. 235, 101 Pac. 87.)

RICE, J.—The Avondale Irrigation District, respondent herein, was organized in the year 1912 and embraced lands in Kootenai county, including thirty-two and one-half acres belonging to the appellant. Thereafter the respondent contracted to purchase the irrigation works belonging to the Avondale Irrigation Company, a private corporation, for the purpose of supplying water for the irrigation of land within its boundaries. Proceedings were duly had, apportioning the cost of the works equally to all the lands in the district, in-

cluding the lands belonging to appellant. An election was held, authorizing the board of directors to levy an assessment, in lieu of issuing bonds, for an amount sufficient to pay the entire purchase price of the irrigation works. Included in said election was an authorization to the board of directors of the district to levy an assessment of $2.50 per acre upon all the lands included in the district, to be used in maintaining the plant for the year 1913. Pursuant to the authority so granted, the said assessments were duly levied. The appellant failed to pay either of the assessments levied against his tract of land, and in due time the land was advertised for sale for such delinquent assessments according to law. Appellant brought this action for the purpose of enjoining respondent from selling said lands in accordance with the notice of sale.

Appellant contends that in consideration of a right of way for a pipe-line granted by his predecessor in interest, an oral agreement was made to the effect that water should be furnished for his said lands free of any annual maintenance charge; that respondent acquired its works subject to all the terms, conditions and provisions in any and all deed or deeds, contract or contracts and obligations therein or thereunder and existing by reason thereof or thereby.

It appears that the Avondale Irrigation Company, from whom the district acquired its works, agreed to and with the respondent as follows: "Now therefore the second party [respondent herein] has this day executed a promissory note for $26,912.50 in favor of the first party [Avondale Irrigation Co.] and first party hereby accepts said note of the second party in full payment of said irrigation system and works, and sells and assigns to second party all of said plant and works and agrees with second party that it will accept in payment thereof orders by the stockholders for their distributive part thereof, to wit, orders from the stockholders to the amount of $25.00 for each share of stock held by them, provided the said stockholders are not in arrears for maintenance charges and said orders are certified by the secretary of the Avondale Irrigation Co. to the effect that the said

stockholder is not in arrears and if in arrears then for the amount of $25.00 per share less said arrears.''

The right of an irrigation district to sell lands for delinquent assessments is conferred by statute. If the steps taken by the district authorities in levying the assessments and spreading the same upon the assessment-roll and matters connected therewith are regular, upon failure to pay the assessments the right to sell follows.

Counsel stipulated that the irrigation district was legally formed; that the special assessment of $25.00 per acre was regularly made and confirmed by the district court, and that the assessment is now outstanding and unpaid. No assault is made upon the district for the inclusion of this land, and it was expressly understood that the land was never included in any other system prior to the formation of the district. ·

Appellant tendered to the proper officer of respondent irrigation district, twenty-five and one-half shares of stock of the Avondale Irrigation Company, in payment of the assessment against his land. The tender of this stock was refused, on the grounds that the stock certificates did not bear the indorsement of the secretary of the Avondale Irrigation Company, to the effect that the assessments on said stock were not in arrears. The assessment-roll is made up by the secretary of the district, and delivered by him to the treasurer of the district for collection. The treasurer is not only under no obligation to accept any payment other than cash, but is under an affirmative statutory duty to accept nothing but ''lawful money of the United States,'' in payment of these assessments. (Rev. Codes, sec. 2412; amended, Laws 1911, p. 414; amended, Laws 1911, p. 435; amended, Laws 1913, p. 542; amended, Laws 1915, p. 206.) He is a public officer and under the statute is required to give bond for the faithful performance of his duties. The assessment-roll under the law is placed in his hands for collection, and any agreement to accept anything but ''lawful money of the United States,'' as provided by statute, is a legal nullity. If the assessment was not paid it was his duty under the law to proceed to sell the land.

The appellant has failed to show any reason why the sale should be enjoined.

Having stipulated as to the regularity of the organization of the district and apportionment of the benefits for the costs of the works to his lands, these matters become *res judicata* and are not subject to collateral attack. (*Knowles v. New Sweden Irrigation Dist.* (on rehearing), 16 Ida. 235, 101 Pac. 87; *Oregon Short Line v. Pioneer Irr. Dist.*, 16 Ida. 578, 603, 102 Pac. 904.)

Appellant further contends that he should not be required to pay the assessment of $2.50 per acre levied for the maintenance of the works for the year 1913, for the reason that the works were acquired by respondent subject to appellant's right to have water supplied to his lands free of maintenance charges.

This levy appears to have been made as a special assessment, pursuant to sec. 2391, Rev. Codes. By sec. 2419, Rev. Codes (amended, Laws 1911, p. 201), it is provided that the procedure for levying and collecting assessments, where not provided for in secs. 2407 to 2409 (amended, Laws 1911, p. 200), shall conform to the provisions of the title relating to the payment of principal and interest of bonds. Special assessments are not provided for in secs. 2407 to 2409 and are therefore to be levied and collected in conformity to the procedure for levying and collecting assessments for the payment of principal and interest of bonds. In other words, the assessment is to be listed and carried out in the assessment-books in the same proportion as assessments of benefits for the cost of the works. The appellant therefore is in no better position to enjoin the sale of his lands for the maintenance assessment of $2.50 an acre than for the costs of the works.

The appellant in his complaint also prays that the district be compelled to furnish water to his tract of land for irrigation and domestic purposes free and clear of any cost of annual assessment for furnishing the same.

Under the issues presented in this case, it cannot be said that the respondent may not be in a position to benefit the lands of appellant in the future, and that the said lands may

not be subject to assessment for annual maintenance. (*Knowles v. New Sweden Irrigation Dist., supra; Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579.) In addition to this consideration, the trial court found that the predecessors in interest of the respondent did not agree to furnish free water or any water for irrigation or domestic purposes for said lands or any part thereof. This finding being based upon substantially conflicting evidence, under the long line of decisions of this court, will not be disturbed.

The judgment of the district court is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.