(January 12, 1920.)

CONSOLIDATED INTERSTATE–CALLAHAN MINING COMPANY, a Corporation, H. G. LOUGEE, BENJAMIN C. HAMMITT, BARBARA HAEDER, ELSIE HAEDER, and JACOB HAEDER, Respondents, v. JOSEPH F. MORTON and VIRGINIA MINING COMPANY, a Corporation, Respondents, and PATRICK BURKE, Appellant.

[187 Pac. 791.]

APPEAL AND ERROR—EVIDENCE—SUBSTANTIAL CONFLICT—FINDINGS.
    1. Findings of fact made upon conflicting evidence will not be disturbed where there is substantial evidence to sustain such findings.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. W. Woods, Judge.

Action to quiet title to certain interests in a mining claim and for injunctive relief against a pretended relocation. Judgment in favor of owners of original location. *Affirmed.*

John M. Gleeson and Isham N. Smith, for Appellant Burke.

There are certain facts of such general notoriety that they are assumed to be known to a court without any proof thereof, and if the testimony of a witness transcends the laws of nature, it is undoubtedly the duty of a court to withdraw such testimony from the consideration of the jury. (*Peat v. Chicago, M. & St. P. Ry. Co.,* 128 Wis. 86, 107 N. W. 355; *Wolf v. City Ry. Co.,* 50 Or. 64, 15 Ann. Cas. 1181, 85 Pac. 620, 91 Pac. 460.)

Such unbelievable statements are not testimony and are insufficient to support either a verdict or findings. This rule prevails even in those states which follow the "scintilla" rule. (*Louisville & N. Ry. Co. v. Chambers,* 165 Ky. 703, Ann. Cas. 1917, 471 (with extended note at p. 473, etc.), 178 S. W. 1041.)

The Idaho decisions from the earliest case to the present time announce and adhere to the "substantial" evidence rule; and, whenever the matter has been presented for determination, this court has consistently and repeatedly rejected the "scintilla" and adhered to the "substantial" evidence rule. (*State v. Roberts, ante,* p. 96, 178 Pac. 80; *Cole v. Plowhead,* 31 Ida. 288, 170 Pac. 732; *Alameda Mining Co. v. Success Mining Co.,* 29 Ida. 618, 161 Pac. 862; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Dickens-West Min. Co. v. Crescent Min. & Milling Co.,* 26 Ida. 153, 141 Pac. 566; *State v. Clark,* 27 Ida. 48, 146 Pac. 1107; *Pomeroy v. Gordan,* 25 Ida. 279, 137 Pac. 888; *Burrow v. Idaho & W. N. R. R.,* 24 Ida. 652, 135 Pac. 838; *Baillie v. City of Wallace,* 24 Ida. 706, 135 Pac. 850; *McGuire v. Post Falls Lumber & M. Co.,* 23 Ida. 608, 131 Pac. 654 (evidence held insufficient to support amount); *State v. Downing,* 23 Ida. 540, 130 Pac. 461; *Quirk v. Sunderlin,* 23 Ida. 368, 130 Pac. 374; *Smith v. Schultz,* 23 Ida. 144, 129 Pac. 640; *Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226;

*Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *Gard v. Thompson,* 21 Ida. 485, 123 Pac. 497 (no substantial evidence); *Lamb v. Licey,* 16 Ida. 664, 102 Pac. 378; *State v. Waln,* 14 Ida. 1, 80 Pac. 221; *Ratliff v. Baltzer's Admr.,* 13 Ida. 152, 89 Pac. 71; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490 (physical facts); *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Idaho Mercantile Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933 (no substantial conflict); *Wood Livestock Co. v. Woodmansee,* 7 Ida. 250, 61 Pac. 1029; *Commercial Bank v. Lieuallen,* 5 Ida. 47, 46 Pac. 1020 (scintilla rule rejected); *Sabin v. Burke,* 4 Ida. 28, 37 Pac. 352 (substantial evidence rule adhered to after careful review); *Monarch G. & S. M. Co. v. McLaughlin,* 1 Ida. 617; *Mootry v. Hawley,* 1 Ida. 543.)

James A. Wayne, for Respondent.

In a suit in equity, as well as in an action at law, a finding of fact made by the trial judge, who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed, because of conflict in the testimony, if the evidence in support of the finding, if uncontradicted, is sufficient to sustain it. (*Spaulding v. Coeur d'Alene R. & N. Co.,* 5 Ida. 528, 51 Pac. 408; *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Deeds v. Stephens,* 10 Ida. 332, 79 Pac. 77; *Morrow v. Matthew,* 10 Ida. 423, 79 Pac. 196; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Friedrich v. Donahue,* 20 Ida. 92, 116 Pac. 1029; *Weeter Lbr. Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289; *Blackfoot State Bank v. Crisler,* 20 Ida. 379, 118 Pac. 775; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Henry Gold Mining Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Cameron Lbr. Co. v. Stack-Gibbs Lbr. Co.,* 26 Ida. 626, 144 Pac. 1114; *Bower v. Moorman,* 27 Ida. 162, Ann. Cas. 1917C, 99, 147 Pac. 496; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Wolf v. Eagleson,* 29 Ida. 177, 157 Pac. 1122; *Jain v.*

*Priest,* 30 Ida. 273, 164 Pac. 364; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.)

Joseph F. Morton, for Respondents Joseph F. Morton and Virginia Mining Company, cites no authorities.

BUDGE, J.—This action was commenced by the Consolidated Interstate-Callahan Mining Company, a corporation, H. G. Lougee, Benjamin C. Hammitt, Barbara Haeder, Elsie Haeder and Jacob Haeder, to quiet title to their interests in the Virginia Lode Mining Claim, in Beaver Mining District, Shoshone county, and to enjoin appellant Burke and respondents Joseph F. Morton and the Virginia Mining Company, a corporation, from interfering with the formers' possession and operation of said claim. . The only issue material upon this appeal is that raised by the answer and cross-complaint of appellant wherein he asserts title to the same claim under a pretended relocation as the Big Center mining claim.

The cause was tried by the court. Findings of fact and conclusions of law were filed and a judgment entered in accordance therewith, upholding the original location and decreeing all of the parties except appellant certain interests therein, and adjudging the pretended relocation of appellant null and void.

This appeal is from the judgment and from an order denying a motion for a new trial. Appellant's brief contains numerous specifications of error, involving essentially three questions, viz.:

(1) Was the Virginia Lode mining claim forfeited for failure to do not less than $100 worth of labor or improvements for the year 1916, as required by Revised Statutes U. S., sec. 2324, U. S. Compiled Laws 1916, sec. 4620, 6 Fed. Stats. Ann., 2d ed., 533?

(2) Was there a resumption of work by the Consolidated Interstate-Callahan Mining Company within the meaning of the foregoing section?

(3) If the first two questions should be answered in the negative, was appellant, by reason of his previous connection

with the Virginia Mining Company as a stockholder, and president thereof, qualified to make a valid relocation?

As to the first question, the court found that the Consolidated Interstate-Callahan Mining Company, acting for itself and its co-owners, did during the year 1916 and prior to the thirty-first day of December thereof, "do, perform and place at least one hundred ($100) dollars worth of work and improvements upon said Virginia Lode Mining Claim as and for the annual labor for the year 1916."

We have carefully gone through the entire record and examined the extensive briefs upon this question, and while it is true that there is a sharp conflict in the evidence, we are clearly of the opinion that there is substantial evidence to support this finding. The case, therefore, falls within the well settled rule, so frequently announced by this court, that findings of fact made from conflicting evidence will not be disturbed where there is substantial evidence to support them. (C. S., sec. 7170; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994; *McKeehan v. Vollmer-Clearwater Co., Ltd.,* 30 Ida. 505, Ann. Cas. 1918E, 1197, 166 Pac. 256; *Holland v. Avondale Irr. District,* 30 Ida. 479, 166 Pac. 259; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288; *Independence Placer Mining Co. v. Knauss,* 32 Ida. 269, 181 Pac. 701.)

Having reached the conclusion that the trial court's finding is sustained by the evidence, the question as to resumption of work becomes immaterial, and further it is unnecessary to decide the question of appellant's status with reference to the Virginia Mining Company, since the claim having been protected by the requisite amount of assessment work was not open to relocation by anyone.

We have examined the other alleged errors, but they are without merit.

The judgment is affirmed. Costs are awarded to respondents.

Morgan, C. J., and Rice, J., concur.