(May 27, 1921.)

MARY I. REILLY and WILLIE REILLY, Her Husband, Respondents, v. WILLIAM LUCRAFT, Appellant.

[198 Pac. 674.]

CONTRACT — ASSUMPTION OF MORTGAGE DEBT — DELIVERY OF DEED— ACCEPTANCE — REPUDIATION—SELF-SERVING STATEMENT—SUBSTITUTION OF GRANTEE.

1. Self-serving statements of a grantee, made in the absence of the grantor, are not admissible to prove repudiation of an agreement to exchange real estate.

2. After acceptance of a deed containing a covenant of assumption of a mortgage debt, and an agreement by the grantee to convey to a third party, the fact that, by agreement between the original grantor and such third party, the name of the latter is substituted in the original deed, for that of the original grantee, does not release his liability on such covenant.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. Ed. L. Bryan, Judge.

Action on contract to assume mortgage debt in the purchase of land. Judgment for plaintiffs. *Affirmed.*

R. E. Haynes and Thompson & Bicknell, for Appellant.

The deed in question was never delivered to the defendant. Acceptance of the deed by the defendant was essential to its delivery. (*Parker v. Parker,* 1 Gray (Mass.), 409, 411; *Fonda v. Sage,* 46 Barb. (N. Y.) 109, 124; *Comer v. Baldwin,* 16 Minn. 172.)

"A promise will be implied where equity and good conscience requires one, even though none was expressly made." (*Turner v. Jones,* 1 Lans. (N. Y.) 147.)

"A contract is implied where the agreement is a matter of inference and deduction." (*Indianapolis Coal Traction Co. v. Dalton,* 43 Ind. App. 330, 87 N. E. 552.)

The plaintiffs authorized the change in the deed after its object and purpose was explained to them, and by said change they accepted the obligation of Lyon to pay the mortgage. They elected to convey the land to him and they cannot now assert a right inconsistent with the position they then took, to the detriment of defendant; if they were not parties to the so-called three-cornered deal in its inception, by authorizing the change in said deed after knowing all the facts, they thereby adopted its terms and cannot now be heard to say that they were not parties to the same. (*Norris v. Downing,* 196 Ill. 91, 63 N. E. 627; *Bassett v. Bassett,* 55 Me. 127; *Lane v. Pacific & Idaho Northern Ry. Co.,* 8 Ida. 230, 67 Pac. 656.)

Scatterday & Van Duyn and Frank T. Wyman, for Respondents.

Where the evidence is conflicting the findings of the court below will not be disturbed. (*Cartier v. Buck,* 9 Ida. 571, 75 Pac. 612; *Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994; *Holland v. Avondale Irr. Dist.,* 30 Ida. 479, 166 Pac. 259; *McKeehan v. Vollmer Clearwater Co.,* 30 Ida. 505, Ann. Cas. 1918E, 1197, 166 Pac. 256; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288; *Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710.)

Where a purchaser does not pay the mortgage debt he has assumed, his grantor may either take an assignment of the mortgage, foreclose the same and sue for the deficiency, or he may himself pay the deficiency and sue upon the purchaser's promise. (Jones on Mortgages, 7th ed., secs. 768, 769; 27 Cyc. 1351; *Wood v. Smith,* 51 Iowa, 156, 50 N. W. 581; *Bowen v. Kurtz,* 37 Iowa, 239; *Rubens v. Prindle,* 44 Barb. (N. Y.) 336.)

McCARTHY, J.—This action was brought by respondents to recover $761.63, which they were forced to pay under a deficiency judgment, obtained against them in the circuit court of Linn county, Oregon, subsequent to the foreclosure and sale of certain lands in South Dakota to satisfy a mortgage thereon in the sum of $1,589.75, originally given by respondents, but alleged to have been assumed by appellant in a land-trade agreement, wherein appellant exchanged certain Missouri land of his, for the South Dakota land of respondents.

In December, 1912, respondent Mary I. Reilly owned certain land in South Dakota subject to a mortgage of $1,589.75, plus interest, and appellant owned certain land in Missouri subject to a $500 mortgage, plus interest. In the latter part of December respondents and appellant agreed to trade lands, each assuming and agreeing to pay the debt—exclusive of interest—covered by the mortgage upon the land acquired. Deeds were prepared by F. H. Lyon, in whose

office the parties severally appeared and executed them. Each gave the other a check for the accumulated interest.

Appellant claims that respondents represented the mortgage upon their lands to be for $1,500, and that, when he found the debt was $1,589.75, he refused to carry out the deal and so notified respondents. This is denied by respondents. Appellant claims that a new three-cornered agreement was entered into by respondents and himself and one J. O. Bowker whereby respondents would take the Missouri land subject to a mortgage of $500, Bowker would take the South Dakota land subject to the mortgage of $1,589.75, and appellant would take certain Iowa land, owned by Bowker, subject to a small mortgage and pay $1,000 in addition thereto. Respondents claim that they were not a party to such an agreement, that appellant, after accepting the deed from them, made his own deal with Bowker. Bowker and Lyon made a deal by which Lyon was to take the South Dakota property. Bowker and Lyon, to save recording fees and with Reilly's consent, had the name of Lucraft erased in the deed given by the Reillys, and that of Lyon substituted.

The deed to the South Dakota land was then recorded by Lyon. The mortgage on this land, not being paid, was foreclosed, and a deficiency judgment taken against the Reillys. Suit was brought against them in Oregon upon this deficiency and judgment taken. This judgment they paid and brought this action against Lucraft and Lyon to recover the amount so paid by them.

The court found that respondents sold and conveyed the South Dakota land to appellant for a good and valuable consideration, subject to the mortgage of $1,589.75, which sum the appellant expressly agreed to assume and pay as a part of the consideration and purchase price; that the Reillys delivered the deed executed by them for this land to appellant; that appellant made a deal with Bowker whereby Bowker was to take this land; that no agreement, express or implied, was ever made releasing appellant from his promise to pay the mortgage assumed by him; that appellant did not refuse to consummate the deal with respondents and the contract

between them was in force at all times mentioned in the pleadings; that appellant accepted the South Dakota property under said contract; that respondents did not agree to convey the land to Bowker, and did not thereafter, at the request of Bowker, convey the land to Lyon; that, by reason of the failure of appellant to pay the mortgage, it was foreclosed and the property sold, and the proceeds were insufficient by $691.35 to meet the mortgage; that thereafter suit was instituted by the holder of the note and mortgage against respondents and they were compelled to pay the said sum of $691.35 and expenses, amounting to a total of $761.63; that respondents demanded from appellant the said sum prior to the filing of this suit and that there is now due, owing and unpaid to respondents from appellant the sum of $761.63.

Appellant's first assignments of error are the admission in evidence, over objection, and without proper certification, of respondents' exhibits "B" and "C," copies of the deed recorded in South Dakota, and of the record of foreclosure of the mortgage. We have examined these exhibits and find they were fully certified to and admissible.

It is next objected that the court erred in refusing to permit appellant to testify to his complaint made to Lyon as to the amount of the mortgage on the Reilly land. This was not error because such a statement by appellant to Lyon, in the absence of respondents, would not affect the obligations between him and them.

The evidence was conflicting as to whether the original deal was consummated or was repudiated by appellant. There is evidence to support the findings. In such case it is the established rule that this court will accept the findings of the trial court. (*Watkins v. Mountain Home Co-operative Irr. Co.,* 33 Ida. 625, 197 Pac. 247; *Neil* v. *Hyde,* 32 Ida. 576, 186 Pac. 710.) Furthermore, the actions of appellant in retaining the check given him by respondents, and in negotiating the subsequent trade with Bowker, negative a repudiation. He did not return the deed to Reilly nor the check, but traded the land to Bowker, and used the check

given him by Reilly as part payment in the new deal. This was a sufficient exercise of dominion and ownership of the land to prove his acceptance. The evidence is sufficient to sustain the court's finding that the original deal between respondents and appellant was closed by the latter's acceptance of the deed. Once this happened, appellant's liability on the mortgage was fixed and no subsequent transfer could release him. The recording of the deed in his name was not necessary. His obligation was not released by the subsequent substitution of Lyon's name in the deed, merely for the purpose of saving recording fees. The judgment is affirmed with costs to respondents.

Rice, C. J., and Budge, Dunn, and Lee, JJ., concur.