(No. 4938. July 27, 1928.)

A. C. HINCKLEY, Respondent, v. J. B. PERKINS and MARGARET PERKINS, His Wife, Appellants.

[269 Pac. 101.]

Walter H. Anderson, for Appellants, cites no authorities on points decided.

Merrill & Merrill, for Respondent.

VARIAN, Commissioner.—This is an action to foreclose a mortgage on real estate, given by defendants J. B. Perkins and wife, appellants here, to one E. C. White, to secure payment of their promissory note for $7,000, both the mortgage and debt being assigned to plaintiff before maturity. Defendants admit the execution and delivery of the note and mortgage, and allege that it was executed and delivered with the understanding with White that he would procure the money thereon in the open market and pay it to defendants, and that this understanding was known to the plaintiff at all times, and that plaintiff took the same with knowledge that said White merely had authority to sell the same; that plaintiff paid for said note and mortgage the sum of $4,603.29, which defendants are willing to pay plaintiff; that at the time plaintiff took title to said note and mortgage, he knew White held it merely in the capacity to sell and obtain money therefor; that White had no title

thereto, and had not paid any consideration therefor; and alleges a tender of the above sum into court.

The court found that defendants J. B. Perkins and Margaret Perkins, husband and wife, on or about April 10, 1925, made, executed and delivered to E. C. White, at Pocatello, Idaho, their note for $7,000, bearing date on that day, due two years after date, with interest at eight per cent per annum, payable quarterly; that, on the same day, to secure payment of said note, they executed their mortgage upon certain described real estate situate in Pocatello; that said mortgage was duly acknowledged, and on May 2, 1925, filed for record in the office of the county recorder of Bannock county; that thereafter, on May 23, 1925, said E. C. White duly indorsed, negotiated and delivered said promissory note to the plaintiff, and assigned to him said mortgage, which said assignment was duly recorded on May 29, 1925. The court found plaintiff to be the lawful owner of said note and mortgage; that, under the terms thereof, plaintiff had elected to declare the whole sum due and payable; and fixed the amount of attorney's fees.

Finding No. 8 is as follows:

"That the defendants, J. B. Perkins and Margaret Perkins, made, executed and delivered their note and mortgage to the said E. C. White under an agreement that the said White would deliver the amount specified in said note upon call by the said defendants or their agents but that said agreement or understanding was not known to the plaintiff prior to the time he purchased and paid for the note and mortgage aforesaid and said plaintiff was in no wise bound thereby; that the said White advanced to and on account of the said defendants substantially $4,933.73 prior to the sale of said note and mortgage to the plaintiff herein and that thereafter there came into the hands of the defendant, J. B. Perkins, moneys belonging to the said White, the exact amount not being disclosed by the evidence but which approximated $1200 which said money said Perkins has retained."

The court then finds against the sufficiency of a tender made by defendants, and concludes with finding 10, in the following language:

"That the plaintiff herein purchased said note and mortgage from the said E. C. White in good faith and paid full value therefor—that is to say, the full sum of $7,000 in cash and lawful credits—prior to receiving any knowledge or information touching the transactions between the defendants, J. B. Perkins and Margaret Perkins, and the said E. C. White and that the said plaintiff, at no time prior to his purchase of and payment for said note and mortgage, had any knowledge or information which would in anywise put him upon inquiry or affect his status as, or prevent him from becoming, a holder in due course of said paper."

Conclusions of law in conformity to these findings were signed and decree of foreclosure and sale entered.

Appellant assigns ten specifications of error, nine of which relate to the sufficiency of the findings of fact and the conclusions of law based thereon. The tenth assignment is to the effect that the court erred in entering its decree on the findings. But one question is argued or presented on this appeal, viz.: Is plaintiff a holder in due course of the note in question, which upon its face is negotiable?

The trial court specifically found against appellants upon their contention that plaintiff was not such holder. A careful reading of the record shows that, while the evidence is conflicting, there is substantial evidence to support the findings, and under the established rule they will not be questioned or disturbed. (*Gould v. Hill*, 43 Ida. 93, 251 Pac. 167; *Consolidated Interstate-Callahan Min. Co. v. Morton*, 32 Ida. 671, 187 Pac. 791; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383.)

We therefore recommend that the judgment be affirmed, with costs to respondent.

Brinck and Baker, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., disqualified.