ANDREW LITTLE, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21249.   Promulgated December 26, 1930.

*Andrew Little* pro se.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

TRUSSELL: The respondent has determined a deficiency in the amount of $252.44 in this petitioner's income tax for the year 1923.

In his return for the year 1923 the petitioner took as a credit, as interest paid, the amount of $4,630.72 assessed against his property as the pro rata part of interest accruing upon bonds of the Emmett Irrigation District, Idaho, the petitioner's land being included in that irrigation district. The respondent disallowed the deduction

for the reason that such amount constituted an assessment against a local benefit.

Petitioner contends that the said amount is deductible, under section 214 (a) (2) of the Revenue Act of 1921, as interest paid, and if not deductible under that section, it is deductible as a tax, for the reason that interest payments are not a benefit and do not increase the value of the property assessed and that such an assessment does not fall within the class of excluded deductions under section 214 (a) (3) (c) of the Revenue Act of 1921.

The Idaho Compiled Statutes, 1919, ch. 175, contain the irrigation district law of that State and the numerous provisions as to the organization, operation and control or government of the affairs of such districts are set out in sections 4313 and 4492, inclusive.

Under the provisions of the said statute and the decisions of the Supreme Court of Idaho, an irrigation district of that State is a political subdivision thereof and is organized and governed by the majority vote of the qualified electors within the boundaries of the district. It has been termed a quasi public corporation and/or a quasi municipal corporation organized for the specific purpose of providing ways and means of irrigating lands within its boundaries for the private benefit of the owners of the lands included therein, but it is not a municipal corporation to the extent of exercising governmental functions other than raising revenue and conducting its particular business. Its affairs are conducted by directors who are elected to a term of office and required to take an oath. It may acquire land, by purchase or condemnation, and the legal title to all property acquired vests in it and is held in trust for the use and purpose set forth in the act. Its water rights, canals, reservoirs, and other property are declared to be a public use. It may sue or be sued in its own name, and all proceedings in connection with an irrigation district are proceedings in rem. It may issue bonds and levy and collect taxes for the cost, maintenance and repair of its irrigation system and for the payment of the principal of and interest on its bonds, and under the power of taxation delinquent landowners may be divested of their title by sale conducted by the district. Bond issues and special assessments must be authorized by the qualified voters of the district and the statute makes provision for special elections for that purpose. The directors must determine the benefits which will accrue to each tract of land from the purchase or construction of the irrigation works and must make and publish a list of apportionments, which remains the basis for fixing annual assessments. The separate assessments for raising interest on bonds must be spread upon the lands in the same proportion as the assessment of benefits. The statute provides for confirmation by the court of the organization of an irrigation district, the assessment lists, bond issues, etc., or in case

of disapproval, the correction by the court of any of the district's proceedings. In the administration of its business the irrigation district is the owner of its system and property in a proprietary rather than a public capacity and it must assume and bear all the burdens of proprietary ownership. *Pioneer Irrigation District* v. *Walker*, 20 Ida. 605; 119 Pac. 304; *Colburn* v. *Wilson*, 23 Ida. 337; 130 Pac. 381; *Indian Cove Irrigation District* v. *Prideaux*, 25 Ida. 112; 136 Pac. 618; *Smith* v. *Progressive Irrigation District*, 28 Ida. 812; 156 Pac. 1133; *City of Nampa* v. *Nampa & Meridian Irrigation District*, 19 Ida. 779; 115 Pac. 979; *Holland* v. *Avondale Irrigation District*, 30 Ida. 479; 166 Pac. 259.

An irrigation district under the laws of Idaho is a duly constituted taxing authority for the purpose of levying and collecting special assessments or taxes for local benefits derived by the property assessed within its limits and it is well settled that such taxes may be assessed because of the special benefits derived from a public use. The statute provides for special assessments for the specific purpose of raising revenue for the payment of interest on the bonds of the district, and the fact that such revenue is to be paid out by the district as interest does not change the character of the assessment made against the land. The assessment is a tax whether the revenue is used by the district for the payment by it of its obligation for the principal of or the interest on its bonds.

It is clear that this petitioner paid to the Emmett Irrigation District the amount of $4,630.72 as a tax assessed against a local benefit and that it did not constitute a payment of interest within the meaning of section 214 (a) (2) of the Revenue Act of 1921. That section permits the deduction of interest paid on an indebtedness of the taxpayer seeking the deduction. The interest due on the bonds of the Emmett Irrigation District, a legal entity, was the obligation of the district and not an indebtedness of this petitioner. Cf. *Claude Nichols Comstock*, 15 B. T. A. 769.

Petitioner contends that if the amount of $4,630.72 is not deductible as interest paid, then it constituted a tax deductible under section 214 (a) (3) of the Revenue Act of 1921.

All of the various assessments made by the Emmett Irrigation District against this petitioner's property and the other property located within its limits were made upon the basis of the benefits received, and there is no question but that they were local benefits. However, the local benefits of an irrigation district differ materially from local benefits such as grading and paving streets, laying curbing, etc. The latter are used by the public generally, while the former are strictly for the benefit and use of the landowners within the district and are an important factor in the production of income by such landowners. The construction of the irrigation system actually

increases the value of the lands irrigated and in many instances transforms desert or worthless lands into valuable agricultural or grazing lands. The cost of constructing or acquiring such a system by an irrigation district falls entirely upon the landowners within the district and there is no doubt but that such cost is in the nature of a capital expenditure. *Champion Coated Paper Co.*, 10 B. T. A. 433. If the district borrows money by the medium of a bond issue it must pay interest and it raises revenue for that particular purpose by assessing a special tax against each landowner within the district in the same proportion as the annual assessment of benefits, i. e., for the cost of the system or maintenance or repairs. Does such a tax fall within the class of " taxes assessed against local benefits of a kind tending to *increase the value of the property assessed*," which Congress intended in section 214 (a) (3) (c) of the Revenue Act of 1921, to exclude from taxes deductible in determining taxable net income?

Regulations 62, article 133, provides in part:

\* \* \* Assessments under the statutes of California relating to irrigation and of Iowa relating to drainage, and under certain statutes of Tennessee relating to levees, are limited to property benefited, and when it is clear that the assessments are so limited, the amounts paid thereunder are not deductible as taxes. When assessments are made for the purpose of maintenance or repair of local benefits, the taxpayer may deduct the assessments paid as an expense incurred in business, if the payment of such assessments is necessary to the conduct of his business. When the assessments are made for the purpose of constructing local benefits, the payments by the taxpayer are in the nature of capital expenditures and are not deductible. \* \* \*

Articles 133 of Regulations 65 and 69, respectively, contain the same provisions as above quoted. The said regulations make no provision for a deduction of payments made for assessments for interest on irrigation district bonds.

Idaho irrigation districts raise revenue for the purpose of maintenance or repair by levying assessments in the same manner as when revenue is raised for the payment of interest due on its bonds. The nature and purpose of the organization and operation of an irrigation district make it clear to us that in the last analysis and without the use of technical names of assessments, taxes and benefits, each landowner within the district pays certain amounts for maintenance, repairs, and interest on bonds which amounts represent, at least to them, necessary annual expenditures incurred in the operation of their farming or cattle raising projects and such expenditures do not increase the value of their lands. As pointed out above, the Commissioner has interpreted the law so as to allow the owners of land within an irrigation district to deduct assessments for maintenance as expenses incurred in business. Assessments for interest

on bonds logically fall within the same class of expenditure, but may not be allowed as deductions as interest paid by the taxpayer, as hereinbefore decided. While such a tax was assessed on the basis of a local benefit, that particular revenue did not form a part of the cost of the local benefit, and we are of the opinion that in the Revenue Act of 1921 Congress did not intend to exclude the allowance as a deduction of such taxes. The Revenue Acts of 1921, 1924, 1926, and 1928 use the same language in providing for the deduction of taxes except " taxes assessed against local benefits of a kind tending to increase the value of the property assessed," but the 1928 Act further provides, " but this paragraph shall not exclude the allowance of so much of such taxes as is properly allocable to maintenance or interest charges." We are of the opinion that the said additional language used in the 1928 Act is explanatory of the next preceding phrase used in the 1928 and prior acts, rather than amendatory.

We are of the opinion that this petitioner is entitled to deduct the amount of $4,630.72 assessed for interest on irrigation district bonds as taxes paid within the meaning of section 214 (a) (3) of the Revenue Act of 1921.

In the case of *Caldwell Milling Co.*, 3 B. T. A. 1232, the Board denied a deduction of the amount assessed against the taxpayer for his proportionate share of the cost of paving a street. There is no conflict between that decision and the one herein. The case of *Evens & Howard Fire Brick Co.*, 8 B. T. A. 867, involved the question of interest paid as a penalty on delinquent taxes and is not similar to the case at bar. In the case of *Claude Nichols Comstock, supra*, the only issue was whether the assessment for interest on drainage district bonds could be deducted by the taxpayer as interest paid, and that decision is followed in the case at bar. In the case of *F. A. Smith et al.*, 11 B. T. A. 301, taxes were assessed against land included in a levee district for the purpose of meeting the bonded indebtedness incurred in constructing and maintaining the levee. The taxpayers contended that the taxes were constitutional taxes for a public purpose and, as such, deductible under section 214 (a) (3) of the Revenue Act of 1921, and that, if not, then the amount thereof used for interest on the bonds was deductible as interest paid. However, it appears that the tax was in one lump sum without segregation as to principal, interest, or maintenance charges. The Board held against the taxpayers as to both issues, but that case is distinguished from the case at bar in that there was not raised the specific issue as to whether an assessment for interest on the district's bonds constituted a tax of a kind tending to increase the value of the property assessed.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*